In re Petition for DISCIPLINARY AC-
TION AGAINST Jacqueline Louise
WILLIAMS, a Minnesota Attorney,
Registration No. 330668.

No. A08–1712.

Supreme Court of Minnesota.

Oct. 31, 2008.

ORDER

The Director of the Office of Lawyers
Professional Responsibility has filed a peti-
tion for disciplinary action alleging that
respondent Jacqueline Louise Williams

committed professional misconduct warranting public discipline, namely: depositing earned fees into her trust account and issuing trust account checks directly to her own business and personal creditors, in violation of Minn. R. Prof. Conduct 1.15(a) and (b); knowingly issuing trust account checks that were not supported by sufficient funds in the account, in violation of Minn. R. Prof. Conduct 8.4(c); and failing to pay three professionally incurred debts, in violation of Minn. R. Prof. Conduct 8.4(d). Respondent admits the allegations of the petition and waives her procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR). The parties jointly recommend that the appropriate discipline is a public reprimand and two years of unsupervised probation, subject to certain conditions.

The court has independently reviewed the file and generally approves of the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Jacqueline Louise Williams is publicly reprimanded and placed on two years of probation subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for the release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall establish and maintain at least one bank account, other than a trust account, for funds and property received and disbursed outside of respondent's fiduciary capacity, as required by Appendix 1 to the Minnesota Rules of Professional Conduct and shall maintain all of the books and records required by Appendix 1 in connection with that account. Before accepting client funds, as defined in Minn. R. Prof. Conduct 1.15, respondent shall establish a trust account. During the time that respondent maintains a trust account, respondent shall maintain the trust account books and records required by Appendix 1 to the Minnesota Rules of Professional Conduct. Respondent shall make the books and records pertaining to both accounts available to the Director within 30 days of the date of filing of this order and at least quarterly (or at such other interval as the Director may reasonably request) thereafter.

(d) Respondent shall make good faith efforts to satisfy the judgments entered against her in favor of Wilcox and Fetzer, B.Y., and Benchmark Court Reporting, and any other practice-related judgments entered against her. Respondent shall make good faith efforts to reimburse M&I Bank for the negative balance in her trust account at the time the account was closed. Respondent shall affirmatively, without reminder from the Director's Office, advise the Director quarterly of her progress.

Respondent shall pay $900 in costs and disbursements pursuant to Rule 24, RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice